IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

MICHAEL A. FARLEY, an individual, )
)
         Plaintiff, )
)
v. ) Case No. 14-CV-007-TCK-TLW
)
PAUL A. ROSS, an individual; )
AMERICAN NATURAL ENERGY CORP., )
an Oklahoma Corporation; )
PALO VERDE ACQUISITIONS, LLC, )
a Nevada Limited Liability Company; and )
ARKOMA NATURAL GAS COMPANY, INC., )
a Nevada Corporation; )
)
         Defendants. )

## OPINION AND ORDER

Before the Court are: (1) Defendant American Natural Energy Corporation's ("ANEC") Motion to Dismiss Second Amended Complaint for Failure to State a Claim (Doc. 56), wherein ANEC seeks dismissal of all claims asserted against it; and (2) ANEC's Unopposed Motion to Extend the Dispositive Motion Deadline, wherein ANEC seeks to either extend the dispositive motion deadline until the Court rules on its pending motion to dismiss or for additional time to convert the pending motion to a motion for summary judgment. (Doc. 102).

**I.      Background**

On January 6, 2014, Plaintiff Michael Farley filed a complaint against Defendants Paul A. Ross ("Ross"), ANEC, Palo Verde Acquisitions, LLC, and Arkoma Natural Gas Company, Inc. ("Arkoma"), alleging claims against all Defendants for (1) violations of the Securities Exchange Act of 1934, (2) violations of the Oklahoma Uniform Securities Act, (3) actual fraud, and (4) constructive fraud. Plaintiff also asserted a claim for beach of contract against Ross and ANEC. Plaintiff filed a First Amended Complaint on January 13, 2014, to include additional factual

allegations but no new claims. On February 3, 2014, ANEC filed a motion to dismiss the first amended complaint for failure to state a claim.

On July 22, 2014, Plaintiff filed the Second Amended Complaint ("SAC"), adding a breach of contract claim against Arkoma. The Court denied ANEC's initial motion to dismiss as moot in light of the SAC and permitted ANEC to file a motion to dismiss the SAC. On August 5, 2014, ANEC filed the pending motion to dismiss. The remaining defendants, Ross, Palo Verde, and Arkoma, filed answers to the SAC.

## II.    ANEC's Motion to Dismiss

ANEC moves to dismiss Plaintiff's SAC pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim against ANEC. ANEC seeks dismissal of Plaintiff's breach of contract claim against ANEC, arguing that it is not a party to the loan agreement that forms the basis of the breach of contract claim. ANEC argues Plaintiff's remaining claims against ANEC should be dismissed because they are premised on the fact that Ross was acting as ANEC's agent, which has not been adequately alleged by Plaintiff.

### A.    Rule 12(b)(6) Standard

In considering a motion to dismiss under Rule 12(b)(6), a court must determine whether the plaintiff has stated a claim upon which relief may be granted. "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "[T]he mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for

2

*these* claims." *Ridge at Red Hawk, LLC v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in original).

The Tenth Circuit has interpreted "plausibility," the term used by the Supreme Court in *Twombly*, to "refer to the scope of the allegations in a complaint" rather than to mean "likely to be true." *Robbins v. Okla. ex rel. Okla. Dep't of Human Servs.*, 519 F.3d 1242, 1247 (10th Cir. 2008). Thus, "if [allegations] are so general that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs have not nudged their claims across the line from conceivable to plausible." *Id.* (internal quotations omitted). "The allegations must be enough that, if assumed to be true, the plaintiff plausibly (not just speculatively) has a claim for relief." *Id.* "This requirement of plausibility serves not only to weed out claims that do not (in the absence of additional allegations) have a reasonable prospect of success, but also to inform the defendants of the actual grounds of the claim against them." *Id.* at 1248.

Generally, a motion to dismiss for failure to state a claim must be converted into a motion for summary judgment when a party submits, and the court considers, materials outside the pleadings. *Prager v. LaFaver*, 180 F.3d 1185, 1188-89 (10th Cir. 1999). However, "courts have broad discretion in determining whether or not to accept materials beyond the pleadings." *See Lowe v. Town of Fairland, Okla.*, 143 F.3d 1378, 1381 (10th Cir. 1998). ANEC appended numerous materials to its motion to dismiss, including e-mails and certain SEC filings. The Court declines to convert the motion to one for summary judgment or consider the materials outside the pleadings attached to ANEC's motion.

### B. Breach of Contract Claim

In the SAC, Plaintiff alleges he entered into a contract with ANEC whereby Plaintiff agreed to loan ANEC $500,000. Pursuant to the contract, ANEC allegedly agreed to repay Plaintiff over two years, with 10% interest on the principal. Plaintiff contends ANEC breached the contract by failing to repay Plaintiff. ANEC seeks dismissal of this claim on the basis that Plaintiff entered into a contract with Arkoma, not ANEC. ANEC claims the contract between Plaintiff and Arkoma evidences that Plaintiff does not have a breach of contract claim against ANEC. However, even if Plaintiff and Arkoma entered into a promissory note, such fact is not determinative of whether Plaintiff and ANEC also entered into an agreement. Accordingly, the Court finds that Plaintiff has stated a claim for breach of contract against ANEC.

### C. Agency Relationship

ANEC argues Plaintiff's other claims against ANEC – violations of the Securities Exchange Act of 1934, violations of the Oklahoma Uniform Securities Act, actual fraud, and constructive fraud – are premised on an agency relationship between Ross and ANEC. ANEC contends these claims should be dismissed because the SAC merely concludes, without any supporting factual allegations, that Ross was acting as ANEC's agent at the time of the underlying transaction.

The Court finds that Plaintiff's allegations supporting the existence of an agency relationship between Ross and ANEC are more than mere legal conclusions. Plaintiff alleges that: (1) Ross was a "controlling shareholder" and the "single beneficial shareholder" of ANEC, (2) Ross had knowledge of ANEC's need for additional capital and approached Plaintiff on ANEC's behalf to discuss Plaintiff loaning money to ANEC, and (3) Ross proposed Plaintiff loan ANEC $500,000 and told Plaintiff that ANEC had "the best oil fields [he] had seen in a long time." (SAC ¶ 16.) Plaintiff,

4

therefore, has provided sufficient factual support for his agency theory to survive ANEC's motion to dismiss.

**III.    Conclusion**

Defendant ANEC's Motion to Dismiss Second Amended Complaint for Failure to State a Claim (Doc. 56) is DENIED.  Pursuant to Federal Rule of Civil Procedure 12(a)(4), ANEC must serve its responsive pleading within 14 days from the date of this order.

ANEC's Unopposed Motion to Extend the Dispositive Motion Deadline (Doc. 102) is GRANTED.  ANEC shall be permitted to file a dispositive motion no later than March 10, 2015.

**SO ORDERED THIS 19th day of February, 2015.**

　

　

**TERENCE C. KERN**
**UNITED STATES DISTRICT JUDGE**