# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MICHAEL A. FARLEY, an individual, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 14-cv-007-TCK-TLW |
| ) | |
| PAUL A. ROSS, an individual; ) | |
| AMERICAN NATURAL ENERGY ) | |
| CORP., an Oklahoma Corporation; ) | |
| PALO VERDE ACQUISITIONS, LLC, ) | |
| a Nevada Limited Liability Company; and ) | |
| ARKOMA NATURAL GAS COMPANY, ) | |
| INC., a Nevada Corporation; ) | |
| ) | |
| Defendants. ) | |

## OPINION AND ORDER

Before the Court is the Motion to Compel of defendants Paul A. Ross, Palo Verde Acquisitions, LLC, and Arkoma Natural Gas Company. (Dkt. 95). Plaintiff filed a response. (Dkt. 100). Through their motion, defendants seek to compel the production of certain documents related to plaintiff's investments over the past six years. Plaintiff was directed "to create a list of <u>all</u> categories of documents that would be responsive to this request, if the Court were to order full compliance with defendants' request." (Dkt. 104) (emphasis added). The list was to be provided to defendants' counsel and the Court on or before February 23, 2015. <u>Id.</u> Plaintiff provided a list on February 23, 2015, in the form of a letter to the Court. The letter states that "Plaintiff has identified the following documents that fairly describe his investments for the past six years (6) years . . .." <u>See</u> Ex. A to this Order. A telephone conference was held on March 3, 2015, at which time the Court heard additional argument from the parties and announced its ruling.

During the March 3 hearing, it became apparent that plaintiff's list of documents which "fairly describe his investments" did not include "a list of <u>all</u> categories of documents that would be responsive" to defendants' request, as ordered by the Court. (Dkt. 104) (emphasis added). This failure may have resulted from plaintiff's reliance on comments made by the Court during a February 12, 2015 hearing, rather than the specific language of the Court's Minute Order, which was entered after the hearing. In any event, based on the parties' arguments during the March 3 hearing, it appears that the following categories of documents which would be responsive to defendants' requests, in addition to those identified in the letter, exist: business organizational documents, plaintiff's full tax returns, and investment information contained in brokerage or banking accounts.

Plaintiff does not dispute that his investment sophistication is at issue in this lawsuit. However, he argues that discovery should somehow be limited on that issue because his sophistication is but one of many factors that a fact finder may consider in rendering a decision. The Court has found no authority for this proposition. Of course, under any circumstances, Rule 26 places the following limits on even relevant discovery:

> [T]he court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (i) the discovery sought is unreasonably cumulative or duplicative, or can be obtained from some other source that is more convenient, less burdensome, or less expensive;
>
> . . .
>
> (iii) the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues.

Fed. R. Civ. P. 26(b)(2)(C).

The case law is relatively clear that in determining an investor's sophistication, relevant factors include wealth, age, education, professional status, and investment experience. See, e.g., Myers v. Finkle, 950 F.2d 165, 168 (4th Cir. 1991); Banca Cremi, S.A. v. Alex. Brown & Sons, Inc., 132 F.3d 1017, 1029 (4th Cir. 1997) (while wealth may be an important factor, other criteria such as age, education, professional status, investment experience, and business background may also be relevant.); William L. Thorp Revocable Trust v. Ameritas Inv. Corp., No. 4:11-CV-193-D, 2014 WL 4923597, at *10 (E.D.N.C. Sept. 30, 2014) (When an investor is an individual, this Court looks to several factors to determine if the investor is sophisticated, including "wealth[,] ... age, education, professional status, investment experience, and business background.").

All of the categories of documents identified by plaintiff in his letter and the additional categories identified above are relevant to the "sophistication" factor. Thus, the only limiting factors on defendants' ability to pursue these materials are those set forth in Rule 26 above. After considering those factors and the arguments of counsel, the Court orders plaintiff to provide defendants with the following documents:

1. All documents identified in the February 13 letter to the Court;

2. Schedule A from all of plaintiff's tax returns for the periods covered in the February 13 letter;

3. For the periods covered in the February 13 letter, sufficient documents from all organizations in which plaintiff has an ownership interest to establish the level of his ownership interest, his role in the organization, and the amount of any investment made by him in the organization[1];

---

[1] Excluded from this list are ownership interests derived solely from the ownership of a security traded on a national exchange. Such interests are addressed in number 4.

4. For 2010, 2011, and 2012, sufficient statements from any brokerage or banking accounts to establish the purchase and sale of any securities made by plaintiff during those years, to include the total amount of his investment, the amount of any purchase (including the number of shares or units, the total market value of the purchase if traded on a national exchange or as determined by the organization if not, and total dollar amount of the purchase if different from the market value or value determined by the organization, exclusive of commissions and fees incurred on the purchase), and the amount of any sale (determined in the same manner as the amount of purchase).

To the extent this Opinion and Order is different or inconsistent with statements made by the Court during the March 3 hearing, this Opinion and Order controls. The parties shall not file any further briefing on the issues addressed herein unless a dispute arises regarding compliance. If such a dispute arises, a party may file a motion of no more than three pages (including the caption and signature and service information) identifying the issue and requesting a hearing. The parties shall bear their own fees and costs.

SO ORDERED this 5th day of March, 2015.

T. Lane Wilson
United States Magistrate Judge

**NORMAN WOHLGEMUTH CHANDLER & JETER**
ATTORNEYS AT LAW
2900 MID-CONTINENT TOWER
401 S. BOSTON AVENUE
TULSA, OKLAHOMA 74103-4065
TELEPHONE (918) 583-7571
FAX (918) 584-7846
www.nwcjlaw.com

JOEL L. WOHLGEMUTH
R. JAY CHANDLER
JO LYNN JETER
ADRIENNE L. BARNETT
RYAN A. RAY

CHARLES E. NORMAN
(1930-2009)

DAVID R. ROSS
CAROLINE B. LAPISH
JOSEPH V. ALLEN
ALIX R. NEWMAN

REUBEN DAVIS
OF COUNSEL

RECEIVED

FEB 23, 2015

T. LANE WILSON
U.S. DISTRICT COURT
MAGISTRATE JUDGE

February 23, 2015

**HAND DELIVERED**

The Honorable T. Lane Wilson
United States Magistrate Judge
United States Court House
333 W. 4th Street
Tulsa, OK 74103

Re: *Farley v. Ross, et al.*, **United States District Court for the Northern District of Oklahoma, Case No. 4:14-cv-7-TCK-TLW**

Dear Judge Wilson:

In accordance with Your Honor's February 12, 2015 Order, please be advised that the Plaintiff has identified the following documents that fairly describe his investments for the past six (6) years:

| YEAR | DOCUMENT(S) |
|---|---|
| 2008 | (1) Statement 2, Schedule E, Part II – Income or loss from Partnership(s) and S Corporations:<br>• K-1 – Carter County Hyundai, LLC<br>• K-1 – Auto Finance Group, LLC<br>• K-1 – M & M Management, LLC<br>• K-1 – Carter County Dodge Chrysler Jeep, LLC<br>• K-1 – Keystone Chevrolet, Inc.<br>• K-1 – Classic Chevrolet, Inc.<br>(2) Schedule C - Profit or Loss from Business – Quarter Horse Racing<br>(3) Schedule C-EZ – Net Profit from Business – Commissions<br>(4) Schedule D – Capital Gains and Losses |
| 2009 | (1) Statement 2, Schedule E, Part II – Income or Loss from Partnerships and S Corporations:<br>• K-1 – Carter County Hyundai, LLC<br>• K-1 – Auto Finance Group, LLC |

Exhibit A

| YEAR | DOCUMENT(S) |
|---|---|
| | • K-1 – M & M Management, LLC<br>• K-1 – Carter County Dodge Chrysler Jeep, LLC<br>• K-1 – Keystone Chevrolet, Inc.<br>(2) Schedule C – Profit or Loss from Business – Commissions<br>(3) Schedule C – Profit or Loss from Business – Quarter Horse Racing<br>(4) Schedule D – Capital Gains and Losses |
| 2010 | (1) Statement 3, Schedule E, Part II – Income or Loss from Partnerships and S Corporations:<br>• K-1 – Palo Verde Fund, L.P.<br>• K-1 – Auto Finance Group, LLC<br>• K-1 – Carter County Dodge Chrysler Jeep, LLC<br>• K-1 – Carter County Hyundai, LLC<br>• K-1 – Keystone Chevrolet, Inc.<br>• K-1 – M & M Management LLC<br>(2) Schedule C – Profit or Loss from Business – Commissions<br>(3) Schedule C – Profit or Loss from Business – Quarter Horse Racing<br>Schedule D – Capital Gains and Losses |
| 2011 | (4) Statement 2, Schedule E, Part II – Income or Loss from Partnerships and S Corporations:<br>• K-1 – Carter County Hyundai, LLC<br>• K-1 – Auto Finance Group, LLC<br>• K-1 – M & M Management, LLC<br>• K-1 – Carter County Dodge Chrysler Jeep, LLC<br>• K-1 – Keystone Chevrolet, Inc.<br>• K-1 – Palo Verde Private Equity Fund, LP<br>(5) Schedule C – Profit or Loss from Business – Commissions<br>(6) Schedule C – Profit or Loss from Business – Quarter Horse Racing<br>(7) Schedule D – Capital Gains and Losses |
| 2012 | (1) Statement 2, Schedule E, Part II – Income or Loss from Partnerships and S Corporations:<br>• K-1 – Carter County Hyundai, LLC<br>• K-1 – Auto Finance Group, LLC<br>• K-1 – M & M Management, LLC<br>• K-1 – Carter County Dodge Chrysler Jeep, LLC<br>• K-1 – Keystone Chevrolet, Inc.<br>(2) Schedule C – Profit or Loss from Business – Commissions<br>(3) Schedule C – Profit or Loss from Business – Quarter Horse Racing<br>(4) Schedule D – Capital Gains and Losses |
| 2013 | (1) Statement 2, Schedule E, Part II – Income or Loss from Partnerships and S Corporations:<br>• K-1 – Carter County Hyundai, LLC<br>• K-1 – Auto Finance Group, LLC |

| YEAR | DOCUMENT(S) |
|------|-------------|
|      | • K-1 – M & M Management, LLC<br>• K-1 – Carter County Dodge Chrysler Jeep, LLC<br>• K-1 – Keystone Chevrolet, Inc.<br>• K-1 – MBM, LLC<br>(2) Schedule C – Profit or Loss from Business – Commissions<br>(3) Schedule C – Profit or Loss from Business – Quarter Horse Racing<br>(4) Schedule D – Capital Gains and Losses |

I will await further direction from the Court.

Respectfully,

*Caroline B. Lapish*

Caroline B. Lapish

cc: Joel L. Wohlgemuth, Esq. (by email only)
    Tom Askew, Esq. (by email only)
    Buddy Edwards, Esq. (by email only)
    Tom Vogt, Esq. (by email only)
    Patrick Colvin, Esq. (by email only)