IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| MICHAEL A. FARLEY, an individual, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| v. | ) | No. 14-CV-007-TCK-TLW |
| | ) | |
| PAUL A. ROSS, an individual; | ) | |
| AMERICAN NATURAL ENERGY CORP., | ) | |
| an Oklahoma Corporation; | ) | |
| PALO VERDE ACQUISITIONS, LLC, | ) | |
| a Nevada Limited Liability Company; and | ) | |
| ARKOMA NATURAL GAS COMPANY, INC., | ) | |
| a Nevada Corporation; | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court are (1) Plaintiff's Motion for Partial Summary Judgment Against Defendant Arkoma (Doc. 62), and (2) Defendants Paul Ross, Palo Verde Acquisitions, LLC, and Arkoma Natural Gas Company's Motion for Partial Summary Judgment Against Plaintiff (Doc. 105).

## I.    Background

Plaintiff Michael Farley ("Plaintiff") filed this action against Defendants Paul A. Ross ("Ross"), American Natural Energy Corporation ("ANEC"), Palo Verde Acquisitions, LLC ("Palo Verde"), and Arkoma Natural Gas Company, Inc. ("Arkoma"), alleging claims against all Defendants for (1) violations of the Securities Exchange Act of 1934, (2) violations of the Oklahoma Uniform Securities Act, (3) actual fraud, and (4) constructive fraud.  Plaintiff also asserts a claim for breach of contract against Ross, ANEC, and Arkoma.

For purposes of summary judgment, the following facts are construed in a light most favorable to Plaintiff.  Plaintiff's claims arise from a transaction occurring in June 2012.  In early June, Plaintiff and Ross met at the Golf Club of Oklahoma.  During this meeting, Plaintiff alleges

Ross represented to Plaintiff that ANEC had "the best oil fields [he] had seen in a long time" and asked Plaintiff if he would be willing to make an investment in or loan to ANEC for a new drilling project. (Second Am. Compl. ¶ 16.)  Based on Ross' representations, on June 13, 2012, Plaintiff transferred $500,000 from his bank account to an account maintained by ANEC as an investment in or loan to the new drilling project.

On June 8, 2014, Ross purportedly signed a promissory note, as CEO/President of Arkoma, in favor of Plaintiff in the amount of $500,000 ("Note").[1]  The Note provides that Arkoma "promises to pay to the order of Michael A. Farley . . . the principal sum of Five-hundred Thousand Dollars ($500,000.00).  Prior to maturity, the principal sum hereof shall bear interest at the rate of 8% per annum." (Promissory Note, Ex. 2 to Pl.'s Mot. for Summ. J.)  With regard to repayment, the Note provided as follows:

> The indebtedness evidenced hereby and interest computed as aforesaid shall be payable in lawful money of the United States of America at the following times, in a "best efforts basis" and in the following manner, to-wit:
> (a) Fifty percent (50%) of unpaid principal and all accrued but unpaid interest shall become immediately due and payable on August 31, 2013;
> (b) All remaining of unpaid principal and all accrued but unpaid interest shall become immediately due and payable on August 31, 2014; . . .

(*Id.*)  Plaintiff has yet to receive any payments under the Note.

On September 22, 2015, ANEC filed an Advice of Bankruptcy (Doc. 135), notifying the Court that an involuntary petition under Chapter 11 of the United States Bankruptcy Code was filed against ANEC on August 31, 2015 in the United States Bankruptcy Court for the Eastern District

---

[1]  It is not clear whether Plaintiff saw the Note prior to this litigation.

of Louisiana.  Pursuant to Section 362 of the Bankruptcy Code, the Court subsequently stayed all

proceedings as to ANEC.[2]

## II.  Standard of Review

Summary judgment is proper only if "there is no genuine issue as to any material fact, and

the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  The moving

party bears the burden of showing that no genuine issue of material fact exists.  *See Zamora v. Elite*

*Logistics, Inc.*, 449 F.3d 1106, 1112 (10th Cir. 2006).  The Court resolves all factual disputes and

draws all reasonable inferences in favor of the non-moving party.  *Id.*  However, the party seeking

to overcome a motion for summary judgment may not "rest on mere allegations" in its complaint

but must "set forth specific facts showing that there is a genuine issue for trial."  Fed. R. Civ. P.

56(e).  The party seeking to overcome a motion for summary judgment must also make a showing

sufficient to establish the existence of those elements essential to that party's case.  *See Celotex*

*Corp. v. Catrett*, 477 U.S. 317, 323-33 (1986).

## III.  Plaintiff's Motion for Partial Summary Judgment (Doc. 62)

Plaintiff seeks summary judgment against Arkoma on his breach of contract claim.[3]  Plaintiff

contends he is entitled to judgment against Arkoma based on Ross' deposition testimony, in which

Ross testified, in part, as follows:

Q.     Okay.  So you admit that Arkoma owes Mr. Farley $500,000?
A.     Yes.

---

[2] ANEC also filed a Motion for Summary Judgment (Doc. 112), seeking summary judgment on all of Plaintiff's claims.  However, the Court has not considered ANEC's motion due to the stay.

[3] Plaintiff does not seek summary judgment on his breach of contract claim against any other defendant or on any of his other claims.

3

> Q.    In addition to 8% interest?
> A.    Yes.

(Dep. of P. Ross, Ex. 1 to Pl.'s Mot. for Summ. J., 119:18-22.)  Based on this testimony, Plaintiff

contends no genuine issue of material fact exists regarding Arkoma's liability to Plaintiff on his

breach of contract claim.

However, Ross also testified regarding his – and Arkoma's – position that payment under

the  Note was conditioned on a "best efforts basis":

> Q.    You'll agree with me that, according to this promissory note that your lawyer
>        drafted, 50 percent of the $500,000 would become immediately payable on
>        August 31, 2013?
> A.    Yes and no.
> Q.    What do you mean yes and no, is that not what small "a" says?
> A.    Yes, but it also goes with provision c.  It was the form and structure of the deal to
>        have a –
> Q.    There's no question right now.  Explain to me how exhibit – how little "c" is a caveat
>        to little "a".
> A.    Because it was on a best efforts basis to meet those terms and conditions.
> Q.    Okay.
> A.    There's no guarantee in the oil and gas business.
> . . .
> Q.    Okay.  So you'll agree with me that as of today, Arkoma owes Mr. Farley the
>        $250,000 that became due and payable August 31, 2013 in addition to 8 percent
>        interest accruing from August 31, 2013?
> A.    No.
> Q.    Okay.  So tell me what the situation is if it's not that.
> A.    It's a best efforts basis.  I mean, best efforts is to try to make a payment back not
>        only to Mr. Farley, but every other participant in this transaction.

(*Id.* 110:21-111:12; 113:12-23.)

Contrary to Plaintiff's contention, Ross's testimony does not eliminate any genuine issue of

material fact; instead, it creates a question of material fact regarding Arkoma's ability to pay given

the  possibility  that  repayment  under  the  Note  was  conditioned  on  a  "best  efforts  basis."

4

Accordingly, Plaintiff's Motion for Partial Summary Judgment Against Defendant Arkoma (Doc. 62) is denied.

## IV.     Defendants' Motion for Partial Summary Judgment (Doc. 105)

Defendants Ross, Palo Verde, and Arkoma seek summary judgment on Plaintiff's claim that Defendants violated Section 10(b) of the Securities Exchange Act of 1934, 15 U.S.C. § 78j.  As to this claim, Plaintiff alleges Defendants "knowingly and recklessly made the untrue statement that Defendant [ANEC] had the 'best oil fields [Ross] had seen in a long time' to and concealed other material information about Defendant [ANEC's] financial health from Plaintiff with the sole intention of inducing his $500,000 investment in Defendant [ANEC] when Defendant Ross knew that Plaintiff would and did rely on his representations . . . ."  (Second Am. Compl. ¶¶ 59, 61, 63.)[4]

Under Section 10(b), it is:

unlawful for any person, directly or indirectly, by the use of any means or instrumentality of interstate commerce or the mails, or of any facility of any national securities exchange . . . [t]o use or employ, in connection with the purchase or sale of any security . . . any manipulative or deceptive device or contrivance in contravention of such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

15 U.S.C. § 78j.  To establish a violation of Section 10(b), Plaintiff must prove:

(1) the defendant made an untrue or misleading statement of material fact, or failed to state a material fact necessary to make statements not misleading; (2) the statement complained of was made in connection with the purchase or sale of securities; (3) the defendant acted with scienter, that is with the intent to defraud or recklessness; (4) the plaintiff relied on the misleading statements; and (5) the plaintiff suffered damages as a result of his reliance.

---

[4]  Plaintiff alleges Ross spoke as an "agent with apparent authority" on behalf of ANEC, Palo Verde, and Arkoma.

*In re Level 3 Commc'ns, Inc. Sec. Litig.*, 667 F.3d 1331, 1333 (10th Cir. 2012).  For purposes of summary judgment only, Defendants have not challenged Plaintiff's ability to prove these five elements.  Instead, Defendants have challenged Plaintiff's ability to prove that Defendants used the means or instrumentality of interstate commerce to effectuate the alleged misrepresentations – a requirement which most courts view as a jurisdictional prerequisite.  *See United States v. Kunzman*, 54 F.3d 1522, 1527 (10th Cir. 1995) (construing as jurisdictional requirement); *Kerbs v. Fall River Indus., Inc.*, 502 F.2d 731, 737 (10th Cir. 1974) (same), *abrogated on other grounds by Cent. Bank of Denver, N.A. v. First Interstate Bank of Denver, N.A.*, 511 U.S. 164 (1994).  To satisfy this requirement, Plaintiff must show that the deception was "accomplished by the use of some means or instrumentality of interstate commerce or the mails."  *Kerbs*, 502 F.2d at 737.  "It is not required by the statute . . . that the manipulative or deceptive device or contrivance be a part of or actually transmitted in the mails or instrumentality of interstate commerce; *it is sufficient that such a device or contrivance be employed in connection with the use of the instruments of interstate commerce or the mails.*"  *Id.* (emphasis added).

Defendants unnecessarily focus on whether the alleged misrepresentation occurred via the means or instrumentalities of interstate commerce.  The parties agree that the meeting in which the deception allegedly occurred was held at a golf course and that the actual misrepresentation itself was not made via the means or instrumentalities of interstate commerce.  However, Plaintiff contends: (1) he and Ross arranged the meeting by telephone call or text message; (2) Ross sent Plaintiff the wire transfer information by telephone call or text message after the meeting; and (3) Plaintiff used such information to wire the money to ANEC.  Defendants have not offered any

evidence disputing Plaintiff's allegations and did not even file a reply brief in support of their motion.

Plaintiff's allegations are sufficient to confer jurisdiction over his securities fraud claim. The use of a telephone to schedule meetings and send wire transfer information, as well as the actual wire transfer itself, evidence that the alleged deception was accomplished with the use of some means or instrumentality of interstate commerce. *See Kerbs*, 502 F.2d at 737-38 (finding jurisdictional requirement satisfied where meeting at which deception occurred was arranged by telephone); *SEC v. Solucorp Indus. Ltd.*, 274 F. Supp. 2d 379, 419 (S.D.N.Y. 2003) (finding defendants used instrumentalities of interstate commerce where they employed "the mails and wires, including the Internet, news wires and telephone lines"). Therefore, Defendant's Motion for Partial Summary Judgment (Doc. 105) is denied.

## V.      Conclusion

Plaintiff's Motion for Partial Summary Judgment Against Defendant Arkoma (Doc. 62) is DENIED. Defendants Paul Ross, Palo Verde Acquisitions, LLC, and Arkoma Natural Gas Company's Motion for Partial Summary Judgment Against Plaintiff (Doc. 105) is DENIED.

**SO ORDERED THIS 2nd day of November, 2015.**

**TERENCE C. KERN
UNITED STATES DISTRICT JUDGE**